## REXROAT, Adm'x, v. BETTES FUNERAL HOME.

No. 25377.   April 2, 1935.

Rehearing Denied April 23, 1935.

Application for Leave to File Second Petition for Rehearing Denied May 14, 1935.

Brett & Brett, for plaintiff in error.

Stephen A. George, for defendant in error.

PER CURIAM. Plaintiff, Bettes Funeral Home, sued Mary Wilma Rexroat, administratrix of the estate of U. T. Rexroat, deceased, L. Hodgson, Opal Delana Meyers, and Ruby Rexroat for $750, alleged to be due for furnishing a casket and other burial supplies, and for services rendered in the preparation and burial of the body of U. T. Rexroat.

The case was dismissed as to all defendants except the administratrix. Trial to a jury resulted in a verdict in favor of plaintiff for the amount sued for.

The only question presented is whether or not, considering the station in life of the decedent and the value of his estate, the verdict is so excessive this court should as a matter of law set it aside. The value of the estate was $1,399.

There is no contention that the supplies furnished and services rendered were not worth $750, but it is contended that the amount of this bill, considering the estate left, is unreasonable. The defendant was not present at the time of the death of her husband and had not been for some time prior thereto. The death occurred about 2 o'clock a. m., and she arrived in the afternoon of the same day. The funeral arrangements had then been made by children by a former marriage, assisted by friends. The regular price of the casket was $1,000 and of the vault $250. It was thought this was more than should be paid, and a price of $750 was made for the casket and vault and all burial services. Evidence was introduced as to the social standing and station in life of the decedent. The defendant testified:

"Q. You thought the burial supplies provided appropriate to the occasion and to his standing in the community? A. Yes, it was just plain nice."

The question as to whether the bill was unreasonable and excessive was one for the jury to decide. The case was submitted to them under instructions to which there were no exceptions.

In a law action, where there is any evidence which reasonably tends to support the verdict of the jury, and such verdict has received the approval of the trial court, it will not be disturbed on appeal.

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys O. E. Swan, L. W. Randolph, and Vilas V. Vernor in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Swan and approved by Mr. Randolph and Mr. Vernor, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.